UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| 22 Exchange, LLC, | ) | CASE NO.: 5:13CV1889 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Exchange Street Associates LLC, | ) | |
| | ) | (Resolves Doc. 3) |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on Plaintiff'' motion to remand and for attorney fees (Doc. 3). The Court has been advised, having reviewed the motions, responses, replies, pleadings, and applicable law. For the reasons stated herein, the motion to remand is GRANTED. The motion for attorney fees is also GRANTED as detailed herein. The matter is hereby REMANDED to the Summit County Court of Common Pleas.

**I. Facts**

On August 2, 2013, Plaintiff filed suit in state court against Defendant, raising a singular count of breach of contract. On August 27, 2013, Defendant removed the matter claiming that removal was appropriate because complete diversity exists and the amount in controversy exceeds $75,000. The notice of removal contends that Plaintiff is a Delaware entity and that Defendant is an Ohio company. On September 4, 2013, Plaintiff moved to remand and sought attorney fees related to that motion. On September 9, 2013, Defendant responded to the motion, and on September 10, 2013, Plaintiff replied. The Court now resolves the pending motion to remand.

**II. Legal Analysis**

In its motion, Plaintiff contends that removal was inappropriate under the forum defendant rule. The Court agrees.

28 U.S.C. § 1441(b) prohibits removal if a properly joined and served defendant is a citizen of the state in which the suit was filed (the so-called "forum defendant rule"). In response to the motion, Defendant concedes that the forum defendant rule bars removal in this action. Accordingly, the motion to remand is GRANTED.

However, Defendant opposes an award of fees. Specifically, Defendant asserts that the forum defendant rule can be waived, giving it a reasonable basis for removal. Further, Defendant appears to argue that Plaintiff should have given it more of an opportunity to review the issue prior to moving to remand the matter. The Court finds no merit in either opposition to an award of fees.

28 U.S.C. § 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This provision gives the Court discretion to grant fees to the opposing party— the Court "may" grant fees—if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Sixth Circuit has similarly held that "an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005) (quoting *Ahearn v. Charter Twp. of Bloomfield*, No. 97-1187, 1998 WL 384558, at *2 (6th Cir. June 18, 1998)) (emphasis in original).

With respect to the assertion by Defendant that the forum defendant rule can be waived, the Court first notes that Circuit courts have not reached a consensus on whether the rule is jurisdictional or subject to waiver. However, the Court need not resolve such an argument. There is nothing in the record to suggest that Plaintiff would consent to removal and there is no evidence to suggest that Defendant even sought such consent. Accordingly, there exists no factual basis to support that the removal was objectively reasonable under that theory.

Moreover, the Sixth Circuit has held that "in light of § 1441(b)'s explicit bar, there was no objectively reasonable basis from which the [Defendants] could have concluded that diversity jurisdiction was proper." *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). The Court agrees. As there was a statutory bar to removal, Defendant cannot show that its removal was objectively reasonable.

To the extent that Defendant asserts that it was attempting to research the issue after being informed of it by Plaintiff, Defendant may raise that argument with respect to the reasonable amount of fees to be award. The argument, however, does nothing to alter the Court's view that an award of fees in some amount is appropriate.

### III. Conclusion

Plaintiff's motion to remand is GRANTED. This matter is hereby REMANDED to the Summit County Court of Common Pleas. Plaintiff's motion for fees is GRANTED. Within 14 days of this order, Plaintiff shall brief the appropriate amount of fees. Defendant may respond within 14 days thereafter. No reply shall be filed absent leave of Court.

IT IS SO ORDERED.

Dated: September 11, 2013          ____/s/ Judge John R. Adams_____
                                   JUDGE JOHN R. ADAMS
                                   UNITED STATES DISTRICT COURT

3